DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Wood County Court of Common Pleas wherein appellant, Douglas Barton, was convicted of aggravated assault, a violation of R.C. 2903.12 and a felony of the fourth degree.
 {¶ 2} Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967), 386 U.S. 738,18 L.Ed.2d 493, 87 S.Ct. 1396. Appellant's counsel asserts that after reviewing the transcript in the proceeding and the relevant statutory and case law, he can find no arguable issues for appellate review. Appellant's counsel further states that he mailed a copy of the brief and request to withdraw to appellant and, pursuant to Anders, informed appellant that he had a right to file his own brief. Appellate counsel has set forth one possible assignments of error:
 {¶ 3} "Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Constitution of the State of Ohio."
 {¶ 4} We first note that once the Anders requirements are satisfied, the appellate court must conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id. at 744.
 {¶ 5} The facts giving rise to this appeal are as follows. On June 19, 2003, appellant, Douglas Barton, was indicted on one count of felonious assault, a violation of R.C. 2903.11(A)(1) and a felony of the second degree.[1] The state alleged that appellant struck the victim on the back of the head with a full beer bottle. As a result, the victim sustained a severe head injury. On January 14, 2004, appellant entered a guilty plea to the amended charge of aggravated assault, a felony of the fourth degree. He was found guilty and sentenced to 17 months in prison.
 {¶ 6} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. * * * Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable."Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674,104 S.Ct. 2052. Accord State v. Smith (1985), 17 Ohio St.3d 98, 100.
 {¶ 7} Scrutiny of counsel's performance must be deferential.Strickland v. Washington at 689. In Ohio, a properly licensed attorney is presumed competent and the burden of proving ineffectiveness is the defendant's. State v. Smith, supra. Counsel's actions which "might be considered sound trial strategy," are presumed effective. Strickland v.Washington at 687. "Prejudice" exists only when the lawyer's performance renders the result of the trial unreliable or the proceeding unfair. Id. Appellant must show that there exists a reasonable probability that a different verdict would have been returned but for counsel's deficiencies. See id. at 694. See, also, State v. Lott (1990),51 Ohio St.3d 160, for Ohio's adoption of the Strickland test.
 {¶ 8} Appellant's counsel proposes that counsel was ineffective in that (1) he failed to meet with appellant to discuss the case, (2) he failed to meet with witnesses suggested by appellant in support of appellant's claim of self defense, (3) he erroneously advised appellant that evidence of the victim's past criminal record and his purported propensity for violence were matters that were inadmissible at trial, (4) he failed to inform appellant that he would be entering a guilty plea on January 14, 2004, and (5) he failed to provide appellant access to his presentence investigation report. Appellant's counsel proposes that but for the above examples of trial counsel's ineffectiveness, appellant would not have entered a guilty plea.
 {¶ 9} Since entering a guilty plea results in serious consequences, a trial court must be sure that a criminal defendant's plea represents a voluntary and intelligent choice among the alternatives available to the defendant. State v. Griffin (July 24, 1998), Hamilton App. Nos. C-970507, and C-970527. See, also, State v. Ballard (1981),66 Ohio St.2d 473. Generally, a defendant knowingly and voluntarily enters a guilty plea if the trial court advised the defendant of the nature of the charge and the maximum penalty involved, the effect of entering a plea to the charge and that the defendant will be waiving certain constitutional rights by entering his plea. State v. Kelley
(1991), 57 Ohio St.3d 127, 128-129. Crim.R. 11(C)(2) provides:
 {¶ 10} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 11} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 12} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 13} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 14} Before accepting appellant's plea, the court asked appellant if he knew "* * * what [was] going on here?" Appellant replied "[Y]es, sir." Thus, appellant knew he was in court to enter a guilty plea. The court noted that appellant was on federal parole. The court addressed appellant personally and explained the maximum penalties involved. The court then inquired of appellant as to whether he was making his guilty plea voluntarily, informed appellant as to the nature and effect of his plea, and told him that by making the plea he was waiving his right to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he could not be compelled to testify against himself. Appellant replied that he was aware of his constitutional rights and he was ready to enter a plea of guilty.
 {¶ 15} The trial court specifically asked appellant if he was satisfied with the advice and counsel he had received from his attorney. Appellant replied: "[Y]es, sir." Appellant at no time alleged that his attorney had failed to meet with him, that his attorney had failed to interview suggested witnesses or that his attorney gave him erroneous advice regarding the admissibility of the victim's past criminal record and his propensity for violence. Nor was there any evidence in the record before us to suggest that appellant's trial counsel was culpable in the above stated manner.
 {¶ 16} The court further informed appellant that, by entering a guilty plea, he would be limited on appeal to contesting only the plea and sentencing proceedings. At all stages of the plea hearing, appellant responded that he understood his constitutional rights, he had received no threats or promises in exchange for his plea, and the plea was knowingly and voluntarily entered. Our review of appellant's plea hearing shows that the trial court substantially complied with Crim.R. 11(C) in accepting appellant's guilty plea and, therefore, the plea was knowing, intelligent and voluntary.
 {¶ 17} As to appellant's access to his presentence investigation report, the sentencing transcript shows that appellant did not raise the issue when he was given an opportunity to address the court and there is nothing else in the record to support the claim that appellant did not have access to his presentence investigation report. Based on the foregoing, we must conclude that appellant was not denied effective assistance of counsel. Accordingly, appellate counsel's proposed assignment of error is found not well-taken.
 {¶ 18} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is, therefore, found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J., Concur.
[1]Incorrectly listing the Revised Code section under which a defendant is charged does not invalidate the indictment so long as the mistake does not mislead the defense. Foutty v. Maxwell (1962), 174 Ohio St. 35. The indictment in this case lists the elements of felonious assault, a violation of R.C. 2903.11(A)(1) but cites the code section for aggravated assault, a violation of R.C. 2903.12(A)(1). Prior to appellant's plea, the state moved to amend the indictment and appellant's trial counsel did not object, indicating his client was aware that he was originally indicted for felonious assault.