[Cite as *State v. Davis*, 2016-Ohio-1569.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                        Court of Appeals Nos. E-15-038
                                                                                E-15-039
        Appellee

                                  Trial Court Nos. 2014-CR-068
v.                                                                              2014-CR-187

Tywuan M. Davis                                 **DECISION AND JUDGMENT**

        Appellant                        Decided:  April 15, 2016

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Mary Ann Barylski, Assistant Prosecuting Attorney, for appellee.

Samuel A. J. Sidoti, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Tywuan Davis, appeals the December 23, 2014

judgments of the Erie County Court of Common Pleas which, following his guilty pleas

to domestic violence, burglary, and having a weapon while under a disability, sentenced

appellant to a total of 70 months in prison.  For the reasons set forth herein, we affirm.

{¶ 2} On February 12, 2014, in case No. 2014-CR-068, appellant was indicted on two counts of domestic violence, fourth-degree felonies. Appellant entered not guilty pleas to the charges. Thereafter, on May 14, 2014, in case No. 2014-CR-187, appellant was indicted on two counts of aggravated burglary, first-degree felonies, one count of disrupting public service, a fourth degree felony, two counts of intimidation, third-degree felonies, carrying a concealed weapon, a fourth degree felony, and having a weapon while under a disability, a third-degree felony. Two of the counts included gun specifications. Appellant again entered not guilty pleas. Due to the related nature of the charges, the cases were consolidated for trial.

{¶ 3} On November 6, 2014, pursuant to an agreement with the state, appellant withdrew his not guilty pleas and entered a plea of guilty to one count of domestic violence in case No. 2014-CR-068; the remaining count was dismissed. In case No. 2014-CR-187, appellant entered guilty pleas to an amended count of burglary and one count of having a weapon while under a disability, the remaining counts and the specifications were dismissed.

{¶ 4} On December 23, 2014, appellant was sentenced to consecutive imprisonment terms totaling 70 months and ordered to pay court costs under R.C. 2947.23. On August 10, 2015, this court granted appellant's motions for delayed appeal and on August 11, 2015, we consolidated the appeals.

{¶ 5} Appellant has appealed the conviction and sentence to this court through appointed counsel. Appellant's counsel advises the court, however, under procedures

2.

announced in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), that he has thoroughly examined the record, discussed the case with appellant, and is unable to find meritorious grounds for appeal. Following *Anders* procedure, appellate counsel filed a brief setting forth potential grounds for appeal and also filed a motion to withdraw as counsel.

{¶ 6} Counsel notified appellant of his inability to find meritorious grounds for appeal and provided appellant with copies of both the *Anders* brief and his motion to withdraw. Counsel advised appellant of his right to file his own appellate brief. Appellant has not filed an additional brief.

{¶ 7} In the *Anders* brief, counsel has asserted three potential assignments of error:

> Proposed Assignment of Error #1: Appellant's plea was unknowing and involuntary.

> Proposed Assignment of Error #2: The trial court erred when it failed to apprise appellant of his right to appeal.

> Proposed Assignment of Error #3: The trial court erred when it abused its discretion when it failed to properly consider sentencing statutes.

{¶ 8} Appellant's counsel's first potential assignment of error challenges the court's acceptance of appellant's guilty pleas. Before accepting a guilty plea, Crim.R. 11(C)(2) requires that the trial court inform a defendant of the constitutional rights he is waiving by entering the plea. The rule provides:

3.

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 9} The underlying purpose of Crim.R. 11(C) is to insure that certain information is conveyed to the defendant which would allow him or her to make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66

4.

Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). With respect to constitutional rights, a trial court must strictly comply with the dictates of Crim.R. 11(C). *State v. Colbert*, 71 Ohio App.3d 734, 737, 595 N.E.2d 401 (11th Dist.1991). However, a trial court need not use the exact language found in that rule when informing a defendant of his constitutional rights. *Ballard* at paragraph two of the syllabus. Rather, a trial court must explain those rights in a manner reasonably intelligible to the defendant. *Id.*

{¶ 10} For nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted. *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 11} After carefully reviewing the transcript from the plea hearing below we conclude that the court strictly complied with the constitutional aspects of Crim.R. 11(C) and substantially complied with the nonconstitutional aspects of that rule in accepting appellant's guilty pleas. As appellant entered his pleas knowingly, intelligently, and voluntarily, the court did not err in accepting the pleas. Appellant's counsel's first potential assignment of error is not well-taken.

{¶ 12} In his second potential assignment of error, appellant's counsel states that the trial court erred in failing to inform appellant of his appeal rights. We note that by entering a guilty plea, appellant waived any appealable errors that might have occurred

5.

during the trial court proceedings, unless he demonstrated that the alleged errors precluded him from entering a knowing, voluntary plea. *State v. Kelley*, 57 Ohio St.3d 127, 130, 556 N.E.2d 658 (1991). Appellant could also appeal any irregularities at sentencing. *State v. Barton*, 6th Dist. Wood No. WD-04-031, 2005-Ohio-1381, ¶ 16.

{¶ 13} Reviewing the transcript of the sentencing hearing, we find that appellant was informed of his appeal rights and the 30-day appeal deadline. Appellant's counsel's second potential assignment of error is not well-taken.

{¶ 14} In counsel's third potential assignment of error, he contends that the trial court erred by failing to properly consider the relevant sentencing statutes. We note that the court reviews felony sentences under the two-prong approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

{¶ 15} Appellant argues that his consecutive sentence is contrary to law. Although the abuse of discretion standard set forth in *State v. Kalish*, 120 Ohio St.3d 23,

6.

2008-Ohio-4912, 896 N.E.2d 124, is no longer controlling in appellate review of felony sentencing, we recognized in *Tammerine* that *Kalish* still can provide guidance for determining whether a sentence is clearly and convincingly contrary to law.

{¶ 16} Significantly, *Kalish* determined that a sentence was not clearly and convincingly contrary to law in a scenario in which it found that the trial court had considered the R.C. 2929.11 purposes and principles of sentencing, had considered the R.C. 2929.12 seriousness and recidivism factors, had properly applied postrelease control, and had imposed a sentence within the statutory range. *Kalish* at ¶ 18; *Tammerine* at ¶ 15.

{¶ 17} We first note that the sentence imposed was within the statutory range. At appellant's December 18, 2014 sentencing hearing, the trial court noted that R.C. 2929.11(A) required that it fashion a sentence of the minimum sanction necessary to protect the public from future crime and to punish the offender. The court noted that the sanction was required to reflect the seriousness of appellant's conduct. The court further stated that it considered the seriousness and recidivism factors under R.C. 2929.12(B), (C), and (D). Finally, the court noted that a consecutive sentence was necessary based on "the seriousness of the Defendant's conduct, and the danger of future crimes, and the danger the Defendant poses to the public, and his history of criminal conduct." Appellant was also notified of postrelease control. These findings were also reflected in the trial court's December 23, 2014 sentencing judgment entries. Appellant's counsel's third potential assignment of error is not well-taken.

7.

{¶ 18} This court, as required under *Anders,* has undertaken an independent examination of the record to determine whether any issue of arguable merit was presented for appeal. We have found none. Accordingly, we find this appeal is without merit and wholly frivolous. We grant the motion of appellant's counsel to withdraw as counsel in this appeal and affirm the judgments of the Erie County Court of Common Pleas. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal. The clerk is ordered to serve all parties with notice of this decision.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                          JUDGE

Arlene Singer, J.

                                                 _____
Thomas J. Osowik, J.                        JUDGE
CONCUR.

                                                 _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

8.